IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

 Plaintiff,

v.   CV 617-110

COMMISSIONER GREGORY DOZIER,
et al.,

 Defendants.

# ORDER

Before the Court are thirteen post-judgment motions filed by Plaintiff Waseem Daker. (Docs. 16, 17, 19, 22, 27-35.) Most notable among them are two motions to vacate the Court's January 29, 2018 Order, dismissing this case without prejudice. (Docs. 19, 22.) The Court addresses Plaintiff's numerous motions as follows.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against dozens of Defendants. (Compl., Doc. 1.) Plaintiff's allegations arise from his confinement at Georgia State Prison ("GSP") where Plaintiff was not permitted to grow lengthy facial hair in contravention of his religious beliefs,

prison officials forcibly shaved Plaintiff's beard with unsanitary clippers, and unconstitutionally punished Plaintiff for refusing to submit to grooming.[1] (See id. at 8-13.) This is one of numerous cases Plaintiff has before this Court bringing the same or substantially similar claims. See, e.g., Daker v. Bryson, Case No. 6:17-CV-079 (S.D. Ga. filed June 9, 2017); Daker v. Dozier, Case No. 6:18-CV-032 (S.D. Ga. filed Mar. 26, 2018).

Plaintiff moved to proceed *in forma pauperis* ("IFP") (Doc. 2), so the United States Magistrate Judge screened the complaint pursuant to 28 U.S.C. § 1915. The Magistrate Judge entered a Report and Recommendation ("R&R") that the Court dismiss Plaintiff's claims without prejudice because (1) the Prison Litigation Reform Act's ("PLRA") "three strikes" provision precluded Plaintiff from proceeding *in forma pauperis* and he did not qualify for the imminent danger exception; (2) Plaintiff abused the judicial process by failing to adequately disclose his litigation history and for misstating his true assets; and (3) Plaintiff did not exhaust his administrative remedies as required by the PLRA. (R&R, Doc. 4, at 5-20.)

Plaintiff filed two objections to the R&R (Docs. 8, 11) and a handful of other motions. (Docs. 5, 6, 7, 9, 10, 12, 13.) The Court conducted a *de novo* review of the record and entered an Order

---

[1] A more comprehensive recitation of Plaintiff's allegations can be found in the Court's January 29, 2018 Order. (See Doc. 14, at 2-3.)

on January 29, 2018, overruling Plaintiff's objections, adopting the R&R, and denying the rest of Plaintiff's motions. (Order of Jan. 29, 2018, Doc. 14.) Now, Plaintiff has filed two motions to vacate the Court's January 29th Order and the resulting Judgment. (Docs. 19, 22.) Plaintiff further moves to amend his complaint (Doc. 17), for access to a law library (Docs. 16, 32, 34, 35), for access to photocopying (Doc. 33), and for a preliminary injunction or temporary restraining order (Docs. 27-31).

## II. DISCUSSION

### A. Motions to Vacate

Plaintiff's motions to vacate contend the Court committed clear errors in each of the three grounds on which the Magistrate Judge recommended dismissal. It is important to note at the outset, that any one of the three grounds advanced by the Magistrate Judge and adopted by the Court is alone sufficient to dismiss the complaint in its entirety. Accordingly, Plaintiff must show clear error or manifest injustice on all three grounds to prevail on his motions and vacate the Court's January 29th Order.

Under Federal Rule of Civil Procedure 59(e), a party may seek to alter or amend a judgment. Reconsideration of a previous order is "an extraordinary remedy, to be employed sparingly." Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376, 1379

3

(S.D. Ga. 2015) (quotations omitted). Motions for reconsideration should not be used to raise legal arguments or present evidence that could and should have been made before the judgment was issued. Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); Lockhard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998).

While Rule 59(e) does not lay out grounds for relief, district courts in this Circuit have identified three reasons that merit reconsideration of a judgment: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Gold Cross, 108 F. Supp. 3d at 1379. To correct clear error "ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (internal quotations omitted). An error, however, is not "clear and obvious" if the legal issues are "at least arguable." Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985).

1. Imminent Danger Exception

Plaintiff advances two arguments to show the Court erred in denying him the imminent danger exception to the PLRA's three strikes provision. First, GSP's custom of using excessive force to shave inmates places him in imminent danger. Second, GSP's

4

practice of using unclean clippers places Plaintiff at risk of contracting infectious disease, "which are already common in the prison population." (Def.'s Mot. to Vacate, Doc. 19, at 6.)

The "three strikes" provision of the PRLA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). To invoke the "imminent danger of serious physical injury" exception, the Eleventh Circuit requires "specific allegations of present imminent danger that may result in serious physical harm." Skillern v. Jackson, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006) ("Vague allegations of harm and unspecific references to injury are insufficient."). Importantly, a harm that has already occurred or danger that has now passed will not qualify for the exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in*

5

*forma pauperis* pursuant to the imminent danger exception to the statute.").

The Court previously held that Plaintiff did not allege a risk of serious harm in the future, but only past harms. (Order of Jan. 29, 2018, at 5.) The Court further noted that Plaintiff's allegations were conclusory and unconnected with any specific Defendant. (Id.) None of Plaintiff's arguments overcome these issues, instead they are an attempt to "raise argument or present evidence that could have been raised prior the entry of judgment," which is not the purpose of a Rule 59(e) motion. See Michael Linet, Inc., 408 F.3d at 763.

The excessive use of force argument made by Plaintiff quotes caselaw at length, all of which addresses the merits of his underlying Eighth Amendment claim, not the imminent danger exception. These arguments on the merits of Plaintiff's claim do not provide a basis to vacate the January 29th Order.

Next, although Plaintiff cites a few cases that purportedly hold the use of unsanitary clippers satisfies the imminent danger exception, a review of those cases reveals they are all either inapplicable or distinguishable. In Daker v. Bryson, 2015 WL 4973548, at *1 (M.D. Ga. Aug. 20, 2015), the court did not reach the imminent danger exception issue because Plaintiff's allegations of poverty were untruthful. In Bingham v. Morales, Case No. 3:11-CV-019, Doc. 20 (S.D. Ga. Sept. 16, 2011), the

6

magistrate judge found the plaintiff qualified for the imminent danger exception because he was forced to share razors with inmates who had open cuts on their faces and that his clothes were washed with other inmates' feces stained clothes, which already caused him two staph infections. Id. at 5. Finally, in Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007), the Court held the imminent danger exception applied because the plaintiff alleged an ongoing pattern of placing him close to inmates "with serious contagious diseases" who had "a history of causing serious illness," the plaintiff previously contracted a tuberculosis infection, and the prison had an ongoing outbreak of hepatitis. Id.

Here, by contrast, Plaintiff merely states unsanitary clippers place him at risk of contracting an infectious disease, "which are already common in the prison population." (Pl.'s Mot. to Vacate, at 7; see also Compl., at 9-10.) Plaintiff points to no facts showing inmates at GSP are spreading contagious diseases, as the plaintiffs in Andrews and Bingham did. Instead, Plaintiff's claims are the sort of general and conclusory allegations that do not show imminent danger. See Brown, 387 F.3d at 1349; Margiotti, 2006 WL 1174350, at *2. Simply put,

Plaintiff did not allege facts sufficient to invoke the imminent danger exception, as the Court previously held.[2]

Moreover, the cases cited by Plaintiff and by the Court in its January 29th Order show that the question of whether unsanitary clippers create an imminent danger is "at least arguable," and therefore not a clear error requiring the Court to vacate its January 29th Order. See Am. Home Assurance Co., 763 F.2d at 1239.

2. Abuse of Judicial Process

Plaintiff claims he did not misrepresent his litigation history by instructing the Court to "see PACER"[3] for his previously filed cases. Plaintiff cites to multiple cases where he used this tactic without issue and even an Order from this Court that, in Plaintiff's view, sanctions such a disclosure strategy.

---

[2] As the Court has repeatedly stated, Plaintiff's other allegations, such as sinus infections, toothaches, or being subjected to unsanitary prison conditions, are all past harms that cannot satisfy the imminent danger exception. See Medberry, 185 F.3d at 1193. Further, many of the medical conditions Plaintiff complains of have been treated. See Daker v. Dozier, Case. No. 6:18-CV-032, Doc. 19 (S.D. Ga. March 7, 2019) (R&R addressing same issue and same allegations showing Plaintiff received orthopedic treatment for his nerve damage and antibiotics for his sinus infections).

[3] The full language of Plaintiff's litigation history response is: "I do not have all the information on all of them, and I no longer have my paperwork on most. However, the information on all of them can be found online on PACER. Please see PACER for more info. Also, on 7/6/17, Defendants lost/stole/threw away much of my paperwork on other cases. Thus, I no longer have the info that I used to have. I need PACER to give more info, and I don't have PACER access." (Compl., at 2.)

8

Regardless of whether "see PACER" is an acceptable response for disclosing litigation history, the Magistrate Judge found Plaintiff's allegations of poverty in his IFP motion "understate his assets in order to shirk his obligation to pay the full filing fee." (R&R, at 15 n.5.) The Court emphasized this issue in its January 29th Order, specifically finding that it showed bad faith and a lack of candor "such that the Magistrate Judge correctly determined Plaintiff's abuse of judicial process." (Order of Jan. 29, 2018, at 8; see also Attwood v. Singletary, 105 F.3d 610, 614 (11th Cir. 1997) ("A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." (citation omitted)).) In fact, this was not the first or even the second time that Plaintiff had his case dismissed based on a court finding he was not indigent. See, e.g., Daker v. Robinson, 694 F. App'x 768, 769 (11th Cir. 2017) (consolidated appeal of two cases dismissed where the district court "reasonably determined that Daker was not indigent"); In re Daker, 2014 WL 2548135, at *3 (N.D. Ga. June 5, 2014) ("Daker has repeatedly abused the judicial process by filing IFP affidavits that conceal and/or misstate his true assets and income."). Plaintiff's motions do not address this lack of candor and therefore do not provide grounds to vacate the Court's January 29th Order.

9

### 3. Administrative Exhaustion Requirement

Next, Plaintiff argues that the Court erred by dismissing his complaint for failure to exhaust administrative remedies. First, Plaintiff contends that he did file multiple grievances about the grooming policy and unsanitary clippers, but administrators returned those grievances as "unprocessed" in violation GSP's procedure. Second, Plaintiff argues, in the alternative, that GSP's grievance procedure was unavailable to him because officials were unwilling to provide relief, no ordinary prisoner could navigate the procedures, and prison officials prevented inmates from using the process through machination, misrepresentation, and intimidation. Finally, Plaintiff maintains that because exhaustion is an affirmative defense he was not required to plead exhaustion in his complaint.

The Court first notes, as it previously has, that when screening a complaint under Section 1915, the Court may dismiss a prisoner's complaint if it shows a failure to exhaust administrative remedies, even though exhaustion is an affirmative defense. See Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007); Jones v. Bock, 549 U.S. 199, 214-15 (2007); see also R&R, at 15.

Further, Plaintiff's arguments regarding his "unprocessed" grievances and the availability of the process are the same arguments Plaintiff raised in his objections to the R&R. Rule

59(e) motions to vacate "cannot be used to relitigate old matters." Michael Linet, Inc., 408 F.3d at 763; see also Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 686 (M.D. Fla. 1996) (Rule 59(e) "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision"). The Court will not continue to address arguments it has refuted in prior Orders. Accordingly, Plaintiff's familiar arguments do not require the Court to vacate its January 29th Order.

Even if Plaintiff could show that he exhausted his administrative remedies, it would be insufficient to vacate the Court's Order. As discussed above, Plaintiff does not satisfy the imminent danger exception and he showed bad faith and a lack of candor to the Court regarding his indigent status. Either of these reasons is alone sufficient to dismiss Plaintiff's complaint.

4. Appointment of Counsel

Finally, Plaintiff contends that the Court dismissed this case before it ruled on Plaintiff's motion to appoint counsel. The Court, however, analyzed and ruled on Plaintiff's motion to appoint counsel in its January 29th Order. (See Doc. 14, at 12-13.) The cases cited by Plaintiff are all distinguishable because they each involved situations in which the district court never ruled on the plaintiff's motion to appoint counsel. That is not the case here as the Court squarely addressed Plaintiff's motion

to appoint counsel. This argument does not require the Court to vacate its January 29th Order.

To conclude, Plaintiff's grounds for vacating the Court's Order dismissing his case are either attempts to relitigate previously decided issues or lack merit. Consequently, Plaintiff has not carried his burden to invoke Rule 59(e)'s "extraordinary remedy." See Gold Cross EMS, Inc., 108 F. Supp. 3d at 1379.

## B. Other Pending Motions

Plaintiff's remaining motions include a motion for leave to amend his complaint (Doc. 17), four motions for law library access (Docs. 16, 32, 34, 35), a motion for access to photocopying resources (Doc. 33), and five motions for a preliminary injunction or temporary restraining order.[4] (Docs. 27-31.) As discussed above, Plaintiff's motions to vacate the Court's January 29th Order are denied, and this case will remain closed. None of these remaining motions ask for relief that would warrant reconsideration of the Court's dismissal of the case. Rather, these motions request relief that is only relevant if Plaintiff were allowed to continue litigating this case. Because he is not, Plaintiff's remaining motions are denied as moot.

---

[4] Three of these injunction motions address the merits of Plaintiff's underlying RLUIPA and Section 1983 claims (Docs. 27, 30, 31), one concerns law library access (Doc. 29), and the final relates to photocopying access (Doc. 28).

### III. CONCLUSION

Plaintiff has not carried his burden to show clear error requiring the Court to vacate its January 29, 2018 Order. Thus, Plaintiff's motions to vacate (Docs. 19, 22) are **DENIED**. Also, Plaintiff's motion to amend (Doc. 17), motions for law library access (Docs. 16, 32, 34, 35), motion for access to photocopying (Doc. 33), and motions for preliminary injunctions or temporary restraining orders (Docs. 27-31) are **DENIED AS MOOT**. This case shall remain **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of March, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA