IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,                      *
                                   *
     Plaintiff,                    *
                                   *
          v.                       *        CV 617-110
                                   *
COMMISSIONER GREGORY DOZIER,       *
et al.,                            *
                                   *
     Defendants.                   *

O R D E R

Before the Court is Plaintiff Waseem Daker's motion for relief from judgment.  (Doc. 48.)  Plaintiff moves pursuant to Federal Rule of Civil Procedure 60(b) for relief from this Court's January 29, 2018 Order adopting the United States Magistrate Judge's Report and Recommendation that Plaintiff's case be dismissed.  Plaintiff has already appealed and moved to vacate that Order.  (See Docs. 19, 23.)  Plaintiff's prior motion to vacate was denied and his appeal dismissed.  (See Docs. 36, 39.)  Plaintiff has since appealed a second time, challenging the denial of his first motion to vacate.

In the pending motion, Plaintiff asks this Court to

> indicate its intention to vacate its first holding –
> that Plaintiff had three (3) strikes [] and did not

> qualify for the IDOSPI[1] exception . . . so that, on appeal, the Eleventh Circuit only has to address this Court's second and third reasons for dismissal: Abuse of the judicial process . . . and Failure to exhaust administrative remedies.

(Doc. 48, at 13-14.) Plaintiff's request follows the Eleventh Circuit's grant of his motion for leave to proceed based on imminent danger in another of his cases (the "2018 Case"). (See Order of March 27, 2020, in Case No. 19-11849). That Eleventh Circuit Order also found Plaintiff's appeal nonfrivolous. (See id.) Plaintiff argues that because the facts and arguments in the 2018 Case are the same as those here, this Court should indicate its intention to grant the Rule 60(b) motion with respect to its holding that Plaintiff did not qualify for the imminent danger exception.

While a notice of appeal generally deprives a district court of jurisdiction over the issues in the appeal, a district court may act "in furtherance of the appeal." Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003). Considering and denying a Rule 60(b) motion falls within that purview. See id. at 1180. "However, following the filing of a notice of appeal district courts do not possess jurisdiction to grant a Rule 60(b) motion[;]" they may either deny the motion or "indicate [their] belief that the

---

[1] Plaintiff uses IDOSPI to mean "imminent danger of serious physical injury," as found in 28 U.S.C. § 1915(g).

2

arguments raised are meritorious." Id. Therefore, the Court will now consider the merits of Plaintiff's motion.

Federal Rule of Civil Procedure 60(b) permits courts to relieve a party from final judgment for six reasons:

1) mistake, inadvertence, surprise, or excusable neglect;

2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3) fraud, . . . misrepresentation, or misconduct by an opposing party;

4) the judgment is void;

5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "Motions under [Rule 60(b)] are directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

Although both this case and the 2018 Case involve forcible shavings, they involve different factual allegations. This case is premised solely on forcible shavings, while the 2018 Case involves numerous other allegations including the denial of food and medical and dental care in administrative segregation. The parties also differ across the cases. Finally, some of the allegations in the 2018 Case took place at Macon State Prison while

3

the allegations in this case stem only from Plaintiff's time at Georgia State Prison. Because the Eleventh Circuit's Order granting Plaintiff leave to proceed in the 2018 Case does not explain which of Plaintiff's allegations were sufficient to meet the imminent danger threshold, this Court declines to rely on that Order as a basis for granting Rule 60(b) relief here. Moreover, upon review, the Court remains convinced that the allegations in this case do not meet 28 U.S.C. § 1915(g)'s imminent danger of serious physical injury threshold. Accordingly, the motion for relief from judgment (Doc. 48) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 6th day of August, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA